# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL RENO CAPITAL, LLC,<br><br>                Plaintiff,<br>vs.<br><br>ARTURO MORA AND GRICELDA MORENO,<br><br>                Defendants. | CASE NO. 12CV02831-GPC(JMA)<br><br>**ORDER**<br><br>**1.  DENYING MOTION TO SHORTEN TIME**<br>**2.  GRANTING MOTION TO REMAND**<br><br>[Dkt. No. 3.] |

      Plaintiff Del Reno Capital, LLC filed an unlawful detainer complaint in the Superior Court of San Diego against Defendants Arturo Mora and Gricelda Moreno. (Dkt. No. 1, Ex.1.) On November 26, 2012, Defendants removed the case to this Court. (Dkt. No. 1.) On November 27, 2012, Plaintiff filed an ex parte motion to shorten time for motion for remand and/or request for *sua sponte* ruling for untimely removal. (Dkt. No. 3.) On November 27, 2012, Defendants filed an opposition to the ex parte motion. (Dkt. No. 4.) On November 30, 2012, Plaintiff filed a reply. (Dkt. No. 5.) The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). Based on the reasoning below, the Court **GRANTS** Plaintiff's motion to remand.

## BACKGROUND

On September 5, 2012, Plaintiff filed a complaint for "unlawful detainer," pursuant to California Civil Procedure Code §§ 1161 and 1174, regarding property located at 3943 Marvin Street, Oceanside, California ("the Property"). (Compl. at 1, 8, 14.) Plaintiff claims that on August 2, 2012 it purchased the Property at a trustee sale and became the lawful owner. (Compl. at 5.) Plaintiff alleges that the Defendants have occupied the premises since the date of purchase without the consent or authorization from the Plaintiff. (Compl. at 7.) On August 29, 2012, Plaintiff served Defendants with a "3-Day Notice to Quit" and vacate the Property, to which the Defendants did not comply. (Compl. at 8, Ex. 2.) On November 26, 2012, Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1441(a). (Dkt. No. 1, N. of Removal.) As the basis for removal, Defendants claim the case involves a federal question "because portions of California Civil Code 1166; 1179(a) violate the Equal Protection Clause of the United States and California constitutions . . . ." (Dkt. No. 1, N. of Removal.) Defendants claim they filed the removal "30 days from the discovery and receipt of federal issues." (Dkt. No. 1 at 9.)

## DISCUSSION

Plaintiff asserts two grounds for remand: (1) the cause of action does not involve a claim or right arising under the Constitution, treaties, or laws of the United States; and (2) the Defendants' removal is untimely.

**I.    Legal Standard**

Generally, there is a strong presumption against removal jurisdiction and the defendant always has the burden of establishing that removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). A defendant has thirty days from the day he learns the case is removable to remove the case to federal court. See 28 U.S.C. §1446(b). The defendant's ability to remove a case pursuant to §1446(b) is triggered by his receipt of the initial pleading that reveals a basis for removal. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." Id.

A defendant may remove a state civil action to federal court only if it could have originally

1  been brought in federal court. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (construing 28
2  U.S.C. §1441(a)). District courts have original jurisdiction if the parties are diverse or if the case
3  "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Whether
4  an action arises under federal law "is governed by the well-pleaded complaint rule, which provides that
5  federal jurisdiction exists only when a federal question is presented on the face fo the plaintiff's
6  properly pleaded complaint." <u>Caterpillar Inc.</u>, 482 U.S. at 392. A federal defense does not authorize
7  removal to federal court. <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987). When a district
8  court, either *sua sponte* or upon motion of a party finds that it lacks subject matter jurisdiction, it must
9  remand the action to state court. 28 U.S.C. §1447(c).

**II. Analysis**

    **A. Untimely Removal**

Defendants were served the initial complaint September 5, 2012, and filed a notice of removal on November 26, 2012. The Defendants' notice of removal was filed over thirty days past the deadline imposed by 28 U.S.C. §1446(b), and on the eve of the scheduled trial date. The argument that Defendants filed the motion within thirty-days of becoming aware of the "discovery and receipt of federal issues" is unavailing; whether the plaintiff has sued under federal or state law is determined on the face of the complaint, not outside discovery or defenses. Removal was untimely.

    **B. Jurisdiction**

Plaintiff brought a cause of action against Defendants pursuant to California state law prohibiting unlawful detainer. The Complaint neither explicitly nor impliedly references any federal laws by which the Plaintiff has made a prayer for relief. Defendants claim the case "arises under a federal cause of action" because of their that California Civil Code Sections 1166 and 1179(a) violate the Constitution; however, this is a defense that cannot provide grounds for removal to federal court. Removal for federal question was improper. Defendants have not asserted federal jurisdiction based on diversity.

**CONCLUSION**

Given that removal is untimely and lacks requisite subject matter jurisdiction, the Court hereby **GRANTS** Plaintiff's motion to remand this case to state court.

**IT IS SO ORDERED.**

**DATED: January 31, 2013**

**HON. GONZALO P. CURIEL**
**United States District Judge**